```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Lisa Rainer,                      :

    Plaintiff,                :

    v.                        :   Case No. 2:05-cv-0859

Refco, Incorporated, et al.,      :   MAGISTRATE JUDGE KEMP

    Defendants.               :

<u>OPINION AND ORDER</u>

    This employment discrimination action is before the Court on the defendants' motion in limine (doc. #66). The motion is now fully briefed and ripe for adjudication. For the following reason, the motion will be in part and denied in part.

I.

    The defendants have moved the following evidence be excluded at trial:

> 1. Any testimony or documents relating to insurance coverage that Defendants may have for the defense of this case or payment of any judgment; and
>
> 2. Any testimony or documents referencing the business entity which took ownership of Defendant Refco, Incorporated after the filing of this case by Plaintiff; and
>
> 3. Plaintiff's proposed Exhibit "P61" representing a note from Dr. Hartwick, Plaintiff's personal physician.

(Motion in Limine of Defendants Refco, Incorporated, Robert Maloy, and William Sekeras at p. 1). The defendants argue that providing evidence of insurance coverage to cover costs associated with litigation and payment of any potential judgment violates Rule 411

of the Federal Rules of Evidence.  They also contend that the sale of Refco to Resco Products is irrelevant.  The defendants note that while "the imminent sale of Defendant Refco ... or any evidence preliminarily to the sale" may be appropriate, the actual sale to Resco Products occurred after Ms. Rainer's termination and has no bearing on the case.  (Reply Memorandum of Defendants Refco Incorporated, Robert Maloy, and William Sekeras in Support of Motion in Limine file Apr. 2, 2007 at p. 1).  The defendants theorize that evidence relating specifically to the sale to Resco Products, presumably a larger corporate company than Refco, Inc., might be used to persuade the jury that the defendant has deep pockets if there is a verdict in Ms. Rainer's favor.  (Id.) Finally, Dr. Hartwick's note indicates that Ms. Rainer had multiple medical problems and recommends that Ms. Rainer take a short leave of absence.  The defendants believe that Ms. Rainer "intends to introduce the exhibit to prove the truth of the matters referenced in the note," (Motion in Limine of Defendants Refco, Incorporated, Robert Maloy, and William Sekeras at p. at p. 3) which is prohibited under the hearsay rules.

    As to the first issue, Ms. Rainer concedes that evidence relating to insurance coverage is inadmissible under the Federal Rules of Evidence.  On the second issue, Ms. Rainer argues that the sale of Refco, Inc., is relevant to her sex discrimination claim because company officials allegedly decided that Ms. Rainer should be replaced by a man in order to help them sell the company. Moreover, Ms. Rainer suggests that the sale of Refco, Inc. to Resco Products diminishes the defendants' argument that the defendant corporation is a "small stand-alone company owned by a trust for the benefit of the children of the company's founder." (Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine File Apr. 2, 2007 at p. 4).  This characterization,

2

according to Ms. Rainer, would "presumably ... evoke the sympathy of the jury for the Defendants[,]" which "would mislead the jury and be improper." (Id.) Ms. Rainer also claims that under the "successor liability doctrine," the introduction of the sale into evidence is necessary to prove that Resco Products, as a successor in interest, is liable for Refco, Inc.'s alleged discriminatory practices. Lastly, Ms. Rainer contends that Dr. Hartwick's note is not hearsay and will be introduced for purposes of indicating that Ms. Rainer was retaliated against for requesting FMLA leave.

II.

Under Rule 411 of the Federal Rules of Evidence, the introduction of insurance coverage is not admissible for the purpose of determining whether a defendant acted wrongfully. Ms. Rainer concedes as much. Thus, the motion in limine will be granted to the extent specified in item 1.

With respect to the sale of Refco, Inc., the issue of successor liability is not ordinarily an evidentiary issue or a question of fact for the jury. If there is a judgment rendered against Refco, Inc., which is not satisfied, and if Ms. Rainer pursues execution against Resco Products as a successor in interest, the Court may have to determine if Resco Products assumed any potential liability to Ms. Rainer, but that would not involve a factual determination by this jury, especially since Ms. Rainer has not moved to join Resco Products as a party and has not pleaded a claim of successor liability. Thus, this theory does not support allowing evidence of the sale to be considered by the jury.

With respect to other possible bases for the introduction of evidence of the sale, the defendants concede that Ms. Rainer is entitled to introduce evidence regarding the proposed sale of Refco, Inc. It may well be relevant to the credibility of her testimony on this issue that a sale did ultimately occur. On the

3

other hand, it may not be relevant that any particular company, especially one that is substantially larger than Refco, Inc., was the purchaser. Certainly, it would be improper for Ms. Rainer to imply to the jury that a verdict should be based in any way on the financial ability of the defendant to pay a judgment. However, if the defendants attempt to imply the opposite by portraying Refco, Inc. as a small company that might be negatively impacted by a judgment in Ms. Rainer's favor, evidence not only of the sale but the identity and financial strength of the purchaser might become relevant. Thus, at this point, the Court will grant the motion with respect to any evidence other than the fact that Refco, Inc. was eventually sold, but no ruling can be made that information about the purchaser will be irrelevant for all purposes.

Lastly, turning to the note from Dr. Hartwick, the Court concludes that if the purpose of the note is to indicate that Ms. Rainer "provided proper notice" of her intent to use Family Medical Leave Act leave, then the motion in limine should be granted because that issue was disposed of in the Court's summary judgment ruling. The only FMLA issue remaining after summary judgment pertains to whether Ms. Rainer was retaliated against for using and/or requesting FMLA leave. It appears that this note is irrelevant to that issue. The Court reserves the right, however, to revisit the purpose of the note should Ms. Rainer seek to introduce it for some other purpose at trial. The Court, at that time, will evaluate the note's relevancy and admissibility.

III.

The defendants' motion in limine (doc. #66) is GRANTED to the extent that (1) any discussion or evidence pertaining to the defendants' insurance coverage, (2) any discussion or evidence of the details of the sale of Refco, Inc. to Resco Products other than the fact of the sale itself, and (3) any use of Dr. Hartwick's note

4

to prove that Ms. Rainer provided proper notice in order to comply with the FMLA are prohibited from being discussed at trial.  The Court reserves the right to revisit these evidentiary matters.

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge