IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lisa Rainer,                    :

    Plaintiff,             :

    v.                     :     Case No. 2:05-cv-0859

Refco, Incorporated, et al.,    :     MAGISTRATE JUDGE KEMP

    Defendants.            :

OPINION AND ORDER

    This employment discrimination case is before the Court to consider defendants' motion to reconsider the Court's order of April 9, 2007, which granted plaintiff Lisa Rainer's motion in limine.  The Court's Order was based in part upon the absence of a response to the motion.  The Court agrees that the defendants could reasonably have believed they still had time to file a response.  The motion to reconsider is, therefore, granted.  For the following reasons, however, Ms. Rainer's motion in limine will be granted in part and denied in part.

I.

    In Ms. Rainer's motion in limine, she requests the following items to be excluded from evidence and/or testimony:

> 1. Precast scrap or the cost thereof, either in absolute terms or as percentage of production, after the termination of Ms. Rainer's employment.
>
> 2. Overtime hours in precast, either in absolute terms or as a percentage over regular time, after the termination of Ms. Rainer's employment.
>
> 3. Repairs to molds or the cost of mold repairs, after the termination of Ms. Rainer's employment.

>4. The chart captioned "Precast Scrap Record," included in the defendants' Ex. 28.
>
>5. The chart captioned "% of Overtime Over Regular Time Compared to Pounds Produced," included in the defendants' Ex. 29.
>
>6. The chart captioned "Total Overtime Hours in PreCast Compared," included in the defendants' Ex. 29, as well as the attached chart captioned "Data for Total Overtime Hours in PreCast Compared."
>
>7. The chart captioned "Total Repairs to Molds by Refco," included in the defendants' Ex. 29.
>
>8. The notice of closure of the Equal Employment Opportunity Commission on Ms. Rainer's charge of discrimination.
>
>9. Ms. Rainer's personal living arrangements after the termination of her employment.

(Motion in Limine (doc. 59) at pp. 1-2). Ms. Rainer argues that references to items 1, 2, and 3 are irrelevant to the instant case because they include evidence of precast scrap, overtime and mold repairs *after* her termination. Additionally, Ms. Rainer contends that items 4-7 are charts and summaries that are inadmissible pursuant to Fed.R.Evid. 1006 because she has not had a reasonable opportunity to review any documents relating to the charts' data. Next, Ms. Rainer argues that any information regarding the EEOC should be inadmissible because it's irrelevant and unnecessary. Finally, regarding item 9, Ms. Rainer claims that any evidence regarding her personal living arrangements after her termination are irrelevant and potentially prejudicial.

In response, the defendants argue that data about precast scrap, overtime and mold repairs before, during and after Ms. Rainer's employment may show a discrepancy in productivity and output and is evidence that Ms. Rainer was terminated for

2

legitimate reasons. The defendants intend to produce this information in the form of charts and summaries in order to make it easier to demonstrate to the jury. The defendants argue that, despite the fact that Ms. Rainer has not been privy to any information regarding the data in question due to a delay in the sale of the company, Ms. Rainer will have the opportunity to rebut all charts and summaries through cross-examination.

Moreover, the defendants claim that all evidence regarding Ms. Rainer's personal living arrangements post-termination are relevant because she seeks damages for her mental and emotional anguish, which she claims was a direct result of the defendants' conduct. The defendants request the Court to reserve this evidentiary ruling until trial.

Finally, the Court notes that the defendants agree "not to offer evidence of the EEOC's dismissal of Plaintiff's administrative charge, provided Plaintiff does not 'open the door' with regard to the Notice of Closure on the matter." (Defendants' Response Contra Plaintiff's Motion in Limine at p. 4).

II.

The primary issue for the Court to decide is whether the charts and summaries discussed in items 4-6 may be introduced into evidence at trial. Preliminarily, the Court notes that evidence relating to the plant's productivity after Ms. Rainer's termination can be introduced at trial, subject to the Federal Rules of Evidence, in order for the defendants to prove legitimate business reasons for Ms. Rainer's termination.

Regarding summaries, Rule 1006 of the Federal Rules of Evidence states:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or

> copying, or both, by other parties at reasonable time and place. The Court may order that they be produced in court.

Fed.R.Evid. 1006. In determining what is required of under the Rule, the Court of Appeals established five preconditions that must be satisfied prior to using a chart or summary:

> First, the documents (or recordings or photographs) must be so voluminous that they cannot conveniently be examined in court by the trier of fact. That is, the documents must be sufficiently numerous as to make comprehension difficult and ... inconvenient. On the other hand, it is not necessary that the documents be so voluminous as to be literally impossible to examine.
>
> Second, the proponent of the summary must also have made the documents available for examination or copy, or both, by other parties at [a] reasonable time and place. The purpose of this requirement is to provide the opposing party who desires to attack the authenticity of accuracy of a chart, summary, or calculation, with an opportunity to prepare for cross-examination, or to offer exhibits of its own as rebuttal evidence, which would serve to counteract the impression made on the jury by the proponent's witness.
>
> Third, and relatedly, commentators and other courts have agreed that Rule 1006 requires that the proponent of the summary establish that the underlying documents are admissible in evidence. Thus, if the underlying documents are hearsay and not admissible under any exception, a chart or other summary based on those documents is likewise inadmissible. ***
>
> Fourth, reasonably enough, a summary document must be accurate and nonprejudicial. This means first that the information on the document summarizes the information contained in the underlying documents accurately, correctly, and in a nonmisleading manner. ***

> Fifth and finally, a summary document must be properly introduced before it may be admitted into evidence. ***

United States v. Bray, 139 F.3d 1104, 1109-1110 (6th Cir.1998) (internal citations and quotations omitted).

At issue are the second and the third prerequisite. The defendants have admitted that they have not given Ms. Rainer "[a]ll documents and records which the charts, graphs, and demonstrative exhibits ... are based." The response to Ms. Rainer's motion in limine states that the defendants "have, or will within the week, provide the underlying data for any exhibit summarizing scrap and overtime data. Production of the underlying data was delayed primarily due to the sale fo the company." (Defendants' Response Contra Plaintiff's Motion in Limine at p. 4). There is still no evidence in the record that the defendants have produced this data.

If the purpose of the "reasonable time" requirement is to provide, in this case, Ms. Rainer "with an opportunity to prepare for cross-examination, or to offer exhibits of [her] own as rebuttal evidence," Bray, 139 F.3d at 1109, that purpose is potentially undermined by the defendants' failure to turn over all documents and records on which the charts and summaries are based. Given the temporal proximity to trial, which begins next week, Ms. Rainer may well have been denied reasonable opportunity to examine any records or documents associated with the charts and summaries. Thus, the Court preliminarily concludes that the charts and summaries listed in items 4-6 in Ms. Rainer's motion in limine be excluded from evidence. However, depending upon whether the underlying data was actually provided, the complexity of that data, and whether this issue was adequately addressed through other discovery, the result might be different. The defendants are free to offer these charts (outside the jury's presence) and make a more complete record if they so choose, and the Court reserves the right

to alter its preliminary ruling if warranted.

Next, because both parties agree on the admissibility of the EEOC charges, the Court will grant Ms. Rainer's motion in limine in regards to item 8. This is conditioned on the fact that Ms. Rainer not "open the door" with regard to the Notice of Closure on this matter.

Finally, because the defendants requested that the Court hold any evidentiary ruling regarding Ms. Rainer's personal living arrangements post-termination until trial, and it appears that Ms. Rainer does not object to that request, the Court will refrain from making a determination regarding that evidence, item 9, at this time. The parties are free to raise any evidentiary objection to evidence pertaining to this matter at trial.

### III.

The defendants' motion for reconsideration (doc. #70) is GRANTED. Further, Ms. Rainer's motion in limine (doc. #59) is GRANTED to the extent that all charts listed in items 4-6 are preliminarily prohibited from being introduced at trial.

/s/ Terence P. Kemp
United States Magistrate Judge